UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARCO ROOSEVELT BRADBURY,

        Petitioner,                             Case No. 1:21-cv-10586

v.                                         Honorable Thomas L. Ludington
                                               United States District Judge

KRIS TASKILA,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S APPLICATION FOR APPOINTED COUNSEL**

While facing trial on charges for kidnapping, first-degree criminal sexual conduct, felon in possession, and felony firearm, Petitioner DeMarco Roosevelt Bradbury made several recorded calls from the Wayne County Jail to urge the complainant not to testify against him. *People v. Bradbury*, No. 347732, 2020 WL 1231614, at *1 (Mich. Ct. App. Mar. 12, 2020) (per curiam). Yet the complainant testified, leading to Petitioner's conviction for impeding a witness, Mich. Comp. Laws § 750.122(6), (7)(b). *Id.* Petitioner was sentenced as a fourth habitual offender Mich. Comp. Laws § 769.12, to his current sentence of 46–180 months' imprisonment. *Id.*

On March 2, 2021, Petitioner filed a habeas action in this court under 28 U.S.C. § 2254. ECF No. 1. The case has been fully briefed and is waiting decision. ECF Nos. 8; 9.

On June 27, 2023, Petitioner field a motion seeking court-appointed counsel to help him file a motion for bond pending the resolution of his habeas petition. ECF No. 10.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). Prisoners' postconviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the

discretion of the court, which should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is thus required only if, given the difficulty of the case and petitioner's ability, the petitioner (1) could not obtain justice without an attorney, (2) could not obtain a lawyer on his own, and (3) would have a reasonable chance of winning with the assistance of counsel. *United States v. Curney*, 581 F. Supp. 3d 910, 911 (E.D. Mich. 2022) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)); *accord United States v. Wright*, 596 F. Supp. 3d 967, 969 (E.D. Mich. 2022) (same).

Appointment of counsel is not warranted here. Petitioner merely seeks counsel to file a motion for bond, but he could obtain such relief without an attorney. *See Martre v. Turner*, No. 3:20-CV-00416, 2022 WL 17616576, at *1 (N.D. Ohio Dec. 13, 2022) ("Petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of 'some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice.'" (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990))), *appeal dismissed sub nom. Martre v. Watson*, No. 22-4080, 2023 WL 3273101 (6th Cir. Feb. 8, 2023). Petitioner has made no showing that he is indigent and cannot obtain a lawyer on his own. ECF No. 10. "And [Petitioner] has provided no explanation for his request." *United States v. Hogg*, 629 F. Supp. 3d 728, 730 (E.D. Mich. 2022). Accordingly, his motion will be denied without prejudice.

Accordingly, it is **ORDERED** that Petitioner's Application for Appointment of Counsel, ECF No. 10, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: July 25, 2023                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge