UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARCO ROOSEVELT BRADBURY,

                Petitioner,                           Case No. 1:21-cv-10586

v.                                           Honorable Thomas L. Ludington
                                           United States District Judge

NATHAN HOFFMAN, warden,[1]

                Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

In 2018, a jury convicted Petitioner Demarco Roosevelt Bradbury for impeding a witness in violation of Michigan law, finding that Petitioner made various statements to dissuade a woman from testifying that Petitioner sexually assaulted her. Petitioner appealed, arguing there was insufficient evidence to support his conviction and the trial court abused its discretion when it denied his motion for a mistrial after the complainant made an inflammatory statement about Petitioner on the witness stand. The Michigan Court of Appeals rejected both arguments. Petitioner—currently confined at Baraga Correctional Facility in Baraga, Michigan—filed a *pro se* petition for a writ of habeas corpus in this Court, asserting the same claims. Because Petitioner has not shown that the Michigan Court of Appeals, in denying these claims, rendered a decision

---

[1] The proper respondent in a habeas case is the petitioner's custodian, that is, the warden of the facility where he or she is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a) foll. 28 U.S.C. § 2254. And although Petitioner's Habeas Petition, filed three years ago, lists Kris Taskila as the Respondent, he is no longer the current warden of Baraga Correctional Facility. The current acting warden is Nathan Hoffman. *Baraga Correctional Facility (AMF)*, MICH. DEP'T OF CORR. https://www.michigan.gov/corrections/prisons/baraga-correctional-facility (last visited Feb. 19, 2024) [https://perma.cc/YY52-5KAU].

that was contrary to or unreasonably applied federal law, Petitioner's Petition for Writ of Habeas Corpus will be dismissed with prejudice, a certificate of appealability will be denied, and Petitioner will be denied leave to appeal *in forma pauperis*.

## I.

The following facts recited by the Michigan Court of Appeals are presumed correct on habeas review. *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

> While awaiting trial on charges of kidnapping, first-degree criminal sexual conduct, felon-in-possession, and felony-firearm with respect to an incident between him and the complainant,[2] [Petitioner Demarco Roosevelt Bradbury] made several calls from the Wayne County Jail. These calls were recorded. During one call that occurred on August 10, 2017, [Petitioner] is heard speaking with an unnamed woman and the woman states, "[a]s long as [the complainant] don't come to court, you're going to be straight." [Petitioner] responded, "[m]an, that's why I need someone to call that b**** right now." He then tells the woman, "I hope she don't come next week. Please Lord."

> Three days later, on August 13, 2017, [Petitioner] made three calls to his mother within a two-hour timespan in an effort to obtain the telephone number of Kim Robinson, his child's mother. Once he obtained the number, [Petitioner] immediately called Robinson. During the call, [Petitioner] told Robinson, "I need you to call this girl and tell this b**** she better not come to court lying on me about this bull**** she got me up here on."

> Five or six days before the preliminary examination, Robinson and [Petitioner's] sister called the complainant. They told the complainant: "Demarco said don't go to court. You know what's up." Despite the call from Robinson and [Petitioner's] sister, the complainant appeared at the preliminary examination and testified.

*People v. Bradbury*, No. 347732, 2020 WL 1231614, at *1 (Mich. App. Mar. 12, 2020).

---

[2] According to Petitioner's brief in support of his habeas petition, the complainant alleged that she was leaving a block party to go to a store when Petitioner asked if he could go with her. ECF No. 1 at PageID.15. She agreed and, when the two were in a car, Petitioner "pulled out a gun" and told her to drive to an apartment. *Id.* Parked in the back parking lot of the apartment building, Petitioner and complainant had non-consensual oral and vaginal sex. *See id.* Petitioner then got out of the car and "drove away." *Id.* The complainant went to the hospital and received a rape kit. *Id.* at PageID.16.

Accordingly, Petitioner was charged with impeding a witness, in violation of MICH. COMP. LAWS § 750.1226. *Id.* And this charge was consolidated with the kidnapping, sexual conduct, and firearm charges that were pending against Petitioner at the time. *Id.* n. 1; *see also* ECF No. 9-9 at PageID.228 ("Both matters are here for a jury trial.").

After a jury trial in March 2018, Petitioner was acquitted of the kidnapping charge, MICH. COMP. LAWS § 750.349, the first-degree criminal sexual conduct charges, MICH. COMP. LAWS § 750.520(b), the felon-in-possession charge, MICH. COMP. LAWS 750.224(f), and the felony-firearm charge, MICH. COMP. LAWS § 750.277(b). *Bradbury*, 2020 WL 1231614, at *1 n. 1. But the jury found Petitioner guilty of impeding a witness and the trial court sentenced Defendant,—a fourth-offense habitual offender—to 46 months to 15 years of imprisonment. *Id.* at *1.

Petitioner appealed, advancing two arguments. First, Petitioner argued the evidence at trial was insufficient to support his impeding-a-witness conviction because the recordings of his telephone statements did not show that he was *threatening* the complainant. *Id.* Second, Petitioner argued the trial court abused its discretion and denied him a fair trial when it denied his motion for mistrial. *Id.* at *3. The Michigan Court of Appeals rejected both arguments and affirmed Petitioner's conviction. *Id.* at *1–4 (holding Petitioner need not have *threatened* the complainant to be convicted of impeding a witness under MICH. COMP. LAWS § 750.122(6) and finding no abuse of discretion in denying mistrial because Petitioner was not prejudiced by one inflammatory inadmissible statement). The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Bradbury*, 951 N.W.2d (Mich. 2020).

On March 2, 2021, Petitioner filed a petition for writ of habeas corpus in this Court, asserting the same two arguments the Michigan Court of Appeals already rejected. ECF No. 1 at PageID.2.

**II**.

A petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" of federal law occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal court may not "issue [a habeas] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

State courts are presumed to "know and follow the law" and a "readiness to attribute error" to state court judgements in inconsistent with this presumption. *Woodford v. Viscotti*, 537 U.S. 19,

24 (2002). So, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* When the claims a habeas petitioner asserts were already adjudicated on the merits in state court, federal habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.

In his habeas petition, Petitioner asserts the same two claims he argued at the Michigan Court of Appeals. First, Petitioner argues the evidence at trial was insufficient to support his conviction of impeding a witness. ECF No. 1 at PageID.19–27. Second, Petitioner argues the trial court abused its discretion and denied him a fair trial when it denied his motion for a mistrial. *Id.* at PageID.28–33. Each argument will be addressed in turn.

### A. Sufficiency of Evidence Claim

Petitioner first argues that the evidence at his 2018 trial was insufficient to sustain his conviction because recordings of his phone conversations, played for the jury, did not show "an intent to threaten or intimidate the [complainant] to persuade her not to come to court." *Id.* at PageID.21. Instead, Petitioner argues the recordings only show that he "wanted [the complainant] to tell the truth and not lie." *Id.* But the Michigan Court of Appeals already rejected this claim and, in so doing, reasonably applied the facts and governing law, so this claim will not support Petitioner's habeas relief.

On habeas review, federal courts apply "two layers of deference" when analyzing evidence sufficiency claims: one to the jury verdict, and a second to the Michigan Court of Appeals' decision. *Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017). Under the first layer of deference, this Court "must determine whether, viewing the trial testimony and exhibits in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*). And under the second layer, even if this Court found that no rational trier of fact could have found petitioner guilty beyond a reasonable doubt, this Court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

The Michigan Court of Appeals denied Petitioner's insufficiency-of-evidence claim for two reasons. First, the Michigan Court of Appeals found that the Government need not prove a defendant *threaten* a witness to convict them of impeding a witness in violation of MICH. COMP. LAWS § 750.122(6). *People v. Bradbury*, 2020 WL 1231614, at *2 (Mich. App. March 12, 2020) ("Thus, whether [Petitioner's] conduct constituted a threat or intimidation of a witness is irrelevant to the issue of whether the jury could convict defendant of impeding a witness under MCL 750.122(6)."). Instead, the Michigan Court of Appeals noted, to convict a defendant of impeding a witness in violation of MICH. COMP. LAWS § 750.122(6), the prosecutor to prove, beyond a reasonable doubt, that the defendant:

> (1) committed or attempted to commit (2) an act that did not consist of bribery, threats or intimidation, or retaliation as defined in MCL 750.122 and applicable case law, (3) but was any act or attempt that was done willfully (4) to impede, interfere with, prevent, or obstruct (5) a witness's ability (6) to attend, testify, or provide information in or for a present or future official proceeding (7) having the knowledge or the reason to know that the person subjected to the interference could be a witness at any official proceeding.

*People v. Bradbury*, 2020 WL 1231614, at *2 (Mich. App. March 12, 2020) (citing *People v. Greene*, 661 N.W.2d 616 (Mich. App. 2003)). And the state appellate court went on to hold "there was sufficient evidence" to satisfy all seven of these elements and allow a jury to convict Petitioner for impeding a witness:

On August 13, 2017, [Petitioner] called Robinson and asked her to call the complainant. [Petitioner] admitted at trial that he knew if the complainant did not appear at the preliminary examination, the charges against him would be dropped. Contrary to [his] argument, [Petitioner] did not tell Robinson to tell the complainant to "come to court and tell the truth." Rather, he told Robinson to "tell this b**** she better not come to court lying on me about this bull**** she got me up here on."

On the basis of the above statement, it was reasonable for the jury to find beyond a reasonable doubt that [Petitioner] intended that Robinson would call the complainant in an effort to prevent or impede her from testifying at the preliminary examination. *See People v. Perry*, 895 N.W.2d 216, 223 (Mich. App. 2016) ("Circumstantial evidence and reasonable inferences arising from that evidence can sufficiently prove the elements of a crime, including the defendant's state of mind, knowledge, and intent."). And in fact, this is exactly what occurred; the complainant testified that, five or six days before the preliminary examination, Robinson and defendant's sister called her and told her "don't go to court."

[Petitioner] claims that his statement to Robinson was ambiguous and could [also] be [reasonably] interpreted as asking Robinson to tell the complainant to come to court and tell the truth[.] However, "[t]he prosecution need not negate every reasonable theory consistent with the defendant's innocence, but merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v. Konrad*, 536 N.W.2d 517, 522 n. 6 (Mich. 1995). The jury was presented with both parties' interpretations of the evidence and chose to convict [Petitioner]. This Court will not interfere with the jury's role in determining the weight of the evidence or credibility of witnesses. *People v. Wolfe*, 489 N.W.2d 748, 751 (Mich. 1992).

*People v. Bradbury*, 2020 WL 1231614, at *2–3 (Mich. App. March 12, 2020).

On habeas review, Petitioner again argues his comment to Robinson was insufficient to convict him for impeding a witness. ECF No. 1 at PageID.27. True, Petitioner's instruction to Robinson mentioned that Petitioner didn't want the complainant to lie. But the jury—and the Michigan Court of Appeals—reasonably concluded Petitioner's true intention was to prevent the complainant from testifying. The complainant testified at trial that she took Robinson's call—at Petitioner's instruction—"mainly as a threat." ECF No. 9-10 at PageID.443. Indeed, after Robinson called her, the complainant contacted a victim's advocate from the prosecutor's office and told the advocate about the call. *Id.* The complainant also testified that, after she reported

Petitioner's sexual assault, Petitioner called her and said, "You called the police on me, Bitch. I know where your cousin go to school at. I know where you at." ECF No. 9-10 at PageID.438. And the complainant testified that this call impeded her testimony and that she declined to follow-up with the police about her sexual assault allegations against Petitioner specifically *because* Petitioner threatened her over the phone. *See id.*

The Michigan Court of Appeals' analysis was legally and factually sound. It applied the correct constitutional test, relied on facts supported in the record, and did not unreasonably apply clearly established constitutional law. Petitioner will be denied habeas relief on this ground.

### B. Mistrial Claim

Petitioner next argues he was denied a fair trial when the state trial court denied his motion for a mistrial after the complainant made an inflammatory statement. ECF No. 1 at PageID.28–33. But the Michigan Court of Appeals found the trial court did not abuse its discretion and Petitioner was not denied a fair trial, because any prejudice by the complainant's statement was mitigated. This conclusion was legally and factually reasonable, so this claim does not entitle Petitioner to habeas relief.

During direct examination, the complainant was asked why she described Petitioner as "an old friend" in her police statement. ECF No. 9-10 at PageID.440. She responded that she and Petitioner "ain't never called each other, never dated, nothing like that. [Petitioner] was just an old neighborhood dope man[.]" *Id.* Defense counsel immediately objected. *Id.* The state trial court sustained and struck the statement. *Id.* A few minutes later, outside of the jury's presence, defense counsel moved for a mistrial based on the complainant's "highly prejudicial, inflammatory" testimony. *Id.* at PageID.444. The trial court denied this motion, holding that a cautionary

instruction at the end of the trial would cure any prejudice against Petitioner. *Id.* at PageID.445–46. At the end of trial, the state trial court judge instructed the jury:

> At times during the trial I have excluded evidence that was offered or stricken certain testimony that was heard. Don't consider those things in deciding the case. Make your decision only on the evidence that I let in and nothing else.
>
> * * *
>
> Now during the course of the trial, ladies and gentlemen, you heard testimony that defendant was in jail during the pendency of the case. You also heard testimony that defendant may have sold drugs in 2010. You may not consider this testimony in deciding if the defendant is guilty of the charges alleged in the current Information.

*People v. Bradbury*, 2020 WL 1231614, at *3 (Mich. App. Mar. 12, 2020); *see also* ECF No. 9-9 at PageID.692, 696.

A trial court has broad discretion to grant or deny a motion for a mistrial, and a mistrial is only warranted upon a showing of manifest necessity. *Arizona v. Washington*, 434 U.S. 497, 506–10 (1978). "Manifest necessity" means a "high degree" of necessity. *Id.* at 506. When a trial court denies a motion for a mistrial, habeas relief is not warranted unless the evidence prompting the mistrial motion "'was potentially so misleading and prejudicial that it deprived [the Petitioner] of a constitutionally fair trial.'" *Zuern v. Tate*, 336 F.3d 478, 485 (6th Cir. 2003) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 641–42 (1974)).

On appeal, the Michigan Court of Appeals held that the trial court did not abuse its discretion by denying the motion for mistrial. *Bradbury*, 2020 WL 1231614, at *3–4. The court noted that the complainant's reference to Petitioner as a "dope man" was in response to a proper question, and that any prejudice to Petitioner was mitigated by the reference being immediately stricken from the record, the curative jury instruction, and Petitioner's own trial testimony that he purchased and smoked marijuana on the night of the alleged sexual assault. *Id.* at *4.

The Michigan Court of Appeals' decision is reasonable. The Court assumes, in the absence of evidence to the contrary, that the jury followed the curative instruction not to consider the struck testimony. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"). Petitioner provides no reason to believe otherwise. *See generally* ECF No. 1. The Michigan Court of Appeals reasonably determined that the complainant's brief statement did not render Petitioner's trial fundamentally unfair. Thus, the trial court's denial of Petitioner's motion for a mistrial is not a cognizable basis for federal habeas relief.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes the above-captioned case.**

Dated: February 27, 2024                                    s/Thomas L. Ludington
                                                                      THOMAS L. LUDINGTON
                                                                      United States District Judge